UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A. and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs<br><br>v.<br><br>ESTRELLA II HOMEOWNERS ASSOCIATON, et al.,<br><br>Defendants | Case No.: 2:16-cv-02835-APG-DJA<br><br>**Order (1) Denying Defendant's Motion for Summary Judgment, (2) Granting Plaintiffs' Motion for Summary Judgment, and (3) Dismissing as Moot Plaintiffs' Alternative Damages Claims**<br><br>[ECF Nos. 40, 55] |

Plaintiffs Bank of America, N.A. and Federal National Mortgage Association sue to determine whether a deed of trust still encumbers property located at 3032 Balcones Fault Ave in North Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Estrella II Homeowners Association (Estrella). The plaintiffs seek a declaration that the sale did not extinguish the deed of trust and they assert alternative damages claims against Estrella and Estrella's foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Defendant Summit Real Estate Group, Inc. (Summit) purchased the property at the HOA foreclosure sale. Summit counterclaims against the plaintiffs to quiet title in itself and asserts negligence and intentional misrepresentation cross-claims against Estrella and NAS.[1]

The plaintiffs move for summary judgment, arguing that Bank of America tendered the superpriority amount prior to the foreclosure sale, thereby preserving the deed of trust. Alternatively, they contend the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) precluded the

---

[1] Summit also filed a third-party complaint to quiet title against the former homeowners, Jason Lane and Tina Lane. These claims were dismissed without prejudice. ECF No. 26.

HOA sale from extinguishing the deed of trust. Summit responds with a variety of arguments as to why the federal foreclosure bar should not apply. As for tender, Summit contends NAS had a good faith basis for rejecting tender. Alternatively, Summit argues that if tender extinguished the HOA's superpriority lien, it was a subrogation that had to be recorded to be operative against a bona fide purchaser like Summit.

Summit also moves for summary judgment on the declaratory relief and quiet title claims, arguing that under Nevada Revised Statutes § 106.240 the deed of trust has been terminated because more than ten years have passed since the lender accelerated the loan that the deed of trust secures. The plaintiffs raise a variety of arguments as to why § 106.240 did not terminate the deed of trust, including that the statute should not apply while litigation over the deed of trust is pending, the notice of default could not and did not make the loan wholly due, and even if it did, the notice of default was rescinded.

The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motion. The plaintiffs are entitled to judgment as a matter of law on their own declaratory relief claim and on Summit's counterclaim because (1) the deed of trust was not terminated by § 106.240 where the lender rescinded the notice of default that accelerated the loan and (2) Bank of America tendered the superpriority amount, thereby preserving the deed of trust. Because the deed of trust was not extinguished, the plaintiffs' alternative damages claims against Estrella and NAS are moot. However, Summit's cross-claims against Estrella and NAS remain pending because no party moved for judgment on those claims.

**I.  ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Section 106.240**

Section 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

////

The Supreme Court of Nevada has not directly addressed what the statute means by the debt becoming "wholly due."  But that court has suggested that it means when the debt is "due in full," which includes "'the lender exercis[ing] his or her option to declare the entire note due.'" *First Am. Title Ins. Co. v. Coit*, No. 70860, 412 P.3d 1088, 2018 WL 1129810, at *1 n.1 (Nev. 2018) (citing *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) ("[W]here contract obligations are payable by installments, the limitations statute begins to run only with respect to each installment when due, unless the lender exercises his or her option to declare the entire note due." (emphasis omitted))).  That would include not only the ultimate maturity date, but also a sooner date if the lender accelerates the debt and declares the entire debt due.  The statute's plain language supports this interpretation. *Local Gov't Employee-Mgmt. Relations Bd. v. Educ. Support Employees Ass'n*, 429 P.3d 658, 661 (Nev. 2018) (directing courts to give effect to a statute's "plain, unambiguous language").  It is also consistent with Nevada law that recognizes a lender's ability to accelerate and decelerate debts. *Clayton*, 813 P.2d at 999; *Cadle Co. II v. Fountain*, No. 49488, 281 P.3d 1158, 2009 WL 1470032 (Nev. 2009).

The deed of trust gave the lender the contractual right to accelerate the debt. ECF No. 55-3 at 15 (stating that in the event of a default on the loan payments, the lender may "invoke the power of sale, including the right to accelerate full payment of the Note").  On March 2, 2009, the trustee under the deed of trust recorded a notice of default and election to sell. ECF No. 55-4.  That notice stated that the trustee "has declared and does hereby declare all sums secured [by the deed of trust] immediately due and payable." *Id.*  But in January 2011, the trustee recorded a notice rescinding the notice of default. ECF No. 55-5.  That notice stated that the trustee "rescind[s], cancel[s] and withdraw[s]" the notice of default. *Id.*

4

The Supreme Court of Nevada recently indicated that recording a rescission of the notice of default containing similar language cancels the notice of default and thus "effectively cancel[s] the acceleration." *Glass v. Select Portfolio Servicing, Inc.*, No. 78325, 2020 WL 3604042, at *1 (Nev. July 1, 2020). Because the trustee canceled the acceleration through the rescission of the notice of default, the deed of trust has not been extinguished by operation of § 106.240. I therefore deny Summit's motion for summary judgment on this basis.

**B. Tender**

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Here, Bank of America paid the superpriority amount in full. The monthly HOA assessment was $55.00. ECF No. 40-11 at 12. Prior to the HOA foreclosure sale, Bank of America tendered $495.00 to cover the superpriority amount. *Id.* at 14-23. There is no evidence of maintenance or nuisance abatement charges.[2] There also is no evidence the HOA recorded a second notice of delinquent assessment lien that might have triggered a second superpriority lien. *See Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc). The superpriority lien therefore was extinguished, and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121. Because the deed of

---

[2] There is some reference in the ledger to charges for "violations." ECF No. 40-11. No one argues these charges were for maintenance or nuisance abatement.

trust was preserved by operation of law, Summit's status as a bona fide purchaser is irrelevant. *Id.*

Summit contends that a lien is not discharged where tender was rejected in good faith. Summit asserts that NAS had a good faith belief that the tender was inadequate because Nevada law was unclear at the time about what constituted the superpriority lien. The Supreme Court of Nevada has rejected similar arguments. *See, e.g.*, *id.* at 118; *Nationstar Mortg., LLC v. Jackel Properties, LLC*, No. 75040, 435 P.3d 1224, 2019 WL 1244787, at *1 (Nev. 2019). Summit also contends that the tender needed to be recorded as a conveyance. The Supreme Court of Nevada has rejected similar arguments. *See Bank of Am., N.A.*, 427 P.3d at 119-20.

I therefore deny Summit's motion and grant the plaintiffs' motion on the declaratory relief and quiet title claims. Because the deed of trust was not extinguished by the HOA foreclosure sale, I dismiss as moot the plaintiffs' alternative damages claims against Estrella and NAS. Summit's cross-claims against Estrella and NAS remain pending.

## II. CONCLUSION

I THEREFORE ORDER that defendant Summit Real Estate Group, Inc.'s motion for summary judgment **(ECF No. 55) is DENIED**.

I FURTHER ORDER that the plaintiffs' motion for summary judgment **(ECF No. 40) is GRANTED** as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Estrella II Homeowners Association on August 15, 2014 did not extinguish the deed of trust and the property located at 3032 Balcones Fault Ave in North Las Vegas, Nevada remains subject to the deed of trust.

/ / / /

/ / / /

I FURTHER ORDER that the plaintiffs' alternative damages claims against defendants Estrella II Homeowners Association and Nevada Association Services, Inc. are dismissed as moot.

DATED this 21st day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE